In the Matter of the Application of EMORY E. COCHRAN, Petitioner, against HENRY LEVY, Chairman, and Others, Together Constituting the Board of Examiners of the Board of Education of the City of New York, and ERNEST E. COLE, Commissioner of Education of the State of New York, as Successor to FRANK P. GRAVES, Defendants.

Supreme Court. Special Term. Albany County. December 31, 1940.

*Albert B. Breslow*, for the petitioner.

*Charles A. Brind, Jr.*, [*Joseph Lipsky* of counsel], for the defendant Commissioner of Education.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the defendants constituting the board of examiners.

BERGAN, J. The petition of an applicant for a license to teach, who failed to pass his examinations and appealed to the Commissioner of Education, alleges that the former Deputy State Commissioner of Education heard the petitioner's appeal from the determination of the New York city board of examiners as acting Commissioner of Education due to the absence or disability of the former Commissioner. For the purpose of this motion attacking the sufficiency of the petition on its face, the facts so alleged must be conceded. The former Deputy (Ernest E. Cole) is now the defendant Commissioner of Education.

The authority of Dr. Cole as Deputy Commissioner to hear the appeal is unquestioned. The Commissioner of Education is authorized by law to prescribe the procedure in appeals taken to him from reviewable determinations within the education system of the State. He may " regulate the practice " on such appeals. (Education Law, § 891, subd. 1.) He had, at the time this appeal was heard, adopted rule 17 of the Rules of Practice before him which authorizes the Deputy Commissioner to hear arguments and conduct hearings when authorized by the Commissioner. The presence, absence or disability of the Commissioner is immaterial upon the question of the Deputy Commissioner's powers to conduct a hearing on petitioner's appeal.

When the disability or absence of the Commissioner here pleaded had ceased, his power to determine the appeal to him, but heard by his Deputy, was as absolute as though there had been neither disability nor absence. Certainly where an intermediate act on behalf of the head of a department is authorized to be done in his name without regard to his availability his temporary absence or· temporary disability creates no break in his jurisdiction to make an ultimate determination within the powers vested in him by law. To hold the contrary would be to say that every intermediate and authorized act performed on his behalf even in a day's absence of the Commissioner would deprive him of the power of ultimate action given him by law.

This result would not only be absurd; it would result in endless confusion in the administration of the education system of the State. I conclude that when the Commissioner's pleaded disability and absence ceased, he could properly act upon the appeal taken to him and heard in his absence by his Deputy. The Deputy· is entitled to the presumption of law that he performed his duty by fully reporting the results of his examination to the Commissioner.

The Commissioner is entitled to the presumption that he fully examined the appeal so reported and acted upon all the facts presented. The Commissioner and not his Deputy was required to decide the appeal.

This Special Term has said before this (*Matter of Liebman* v. *Van Denburg*, 168 Misc. 155) that the Commissioner is required under sections 890 and 891 of the Education Law, to " examine and decide " an appeal and is not required to conduct a trial or hearing and that the procedure to be followed rests with him and not with this court. The former Commissioner, therefore, had jurisdiction to decide this appeal.

Accepting the truth of all of the factual statements pleaded in the petition, as distinguished from its factual and legal conclusions, the petitioner presents merely a debatable question in his objection to the determination of the board of examiners. It has been repeatedly held that the court will not intrude into a debatable field in reviewing an appellate determination of the State Commissioner of Education. Therefore, if the petitioner proves all he pleads, the court would not direct the Commissioner to reach a different result in the exercise of his appellate powers.

It should be emphasized that whatever the scope of a direct judicial review of a subordinate officer or body within the education system may be, that scope is greatly restricted in reviewing a final determination in respect of a controversy within the education system by the State Commissioner upon an appeal to him by one aggrieved. Such an appellant accepts the advantages offered by appealing to an officer more fully cognizant than the courts can be with the requirements, needs and processes of the education system, but he also accepts whatever disadvantage that may arise from the fact that in the absence of a determination depending upon such arbitrary and naked power that no reasonable man could reach the result upon appeal, the determination is final and the controversy put at rest. Such finality, in plain language, is the legislative policy of the State. (Education Law, § 890.) (See, also, the discussion of this question by this court in *Laderburg* v. *Graves*, Albany Special Term, Jan. 19, 1938, not reported.)

The relief sought against the defendants constituting the board of examiners is barred by the statute. (Civ. Prac. Act, § 1286.)

The motion of the defendants to dismiss the petition is granted, without costs.

The Commissioner of Education may submit an order to this effect and obtain the papers and exhibits at this office for distribution to the parties entitled to them.