MARTIN W. WALSH and DANIEL F. SPOONER, as Committee of the Property of MARY WALSH SPOONER, an Incompetent Person, Respondents, v. ANASTASIA WALSH RULAND and JOHN WALSH, Appellants.— Appeal from an interlocutory judgment in an action for partition. The judgment contains a provision referring the matter to an official referee for an accounting as to rents received by the various parties to the action. This is proper under section 1075 of the Civil Practice Act. Interlocutory judgment affirmed, with costs payable from the proceeds of the sale. The court as an original matter designates Official Referee G. D. B. Hasbrouck for all purposes mentioned in the judgment affirmed, in compliance with article 4-A of the Judiciary Law and fixes for a hearing such time and place as may be designated by Judge Hasbrouck. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.

In the Matter of the Application of EMORY E. COCHRAN, Appellant, for an Order Pursuant to Article 78, Civil Practice Act, against HENRY LEVY, Chairman, and Others, Constituting the Board of Examiners of The Board of Education of the City of New York, and ERNEST E. COLE, Commissioner of Education of the State of New York, as Successor to FRANK P. GRAVES, Respondents.— Petitioner was a candidate in the competitive examination for license of first assistant in modern foreign languages in New York city high schools. In the written examination he received less than a passing mark but was within the consideration zone and was permitted to continue with the remaining parts of the test. In the interview test, however, he failed in two items, namely, oral German and mental equipment. This test was given by two assistant examiners, both of whom rated petitioner unsatisfactory. He was entitled to and did receive a second interview test, with the same result, and was accordingly denied a license. He appealed to the board of examiners for further consideration and, after careful consideration, each member of the board of examiners voted to deny the petition. He had a second appeal with the same results. He then appealed to the Commissioner of Education and had a very extensive hearing and oral arguments. This was conducted before Assistant Commissioner or Deputy Commissioner Cole. After all this evidence was taken, Commissioner Graves returned to duty and took up the matters and went over all the proof and consulted with Commissioner Cole, who had been present at the hearing and gave full faith and credit to all the evidence introduced, and the Commissioner of Education made a decision dismissing the appeal. This decision was fully warranted by the record and was not capricious, arbitrary or unreasonable and is, therefore, final so far as this court is concerned. The appellant has failed to show any evidence that the decision by the Commissioner was lacking in proper proof to sustain it. Order appealed from dismissing petition unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ. [175 Misc. 666.]