Donald S. Taylor, J.
On the ground that it is illegal, arbitrary and capricious the petitioner, Board of Education of the City of New York, in this proceeding instituted pursuant to article 78 of the Civil Practice Act seeks to review and annul a determination of the respondent, Commissioner of Education of the State of New York, which directed the board to grant the application of the respondent, Elaine S. Berlin, a regular substitute teacher employed in its public school system, for excuse of absence with pay for two days for personal illness during March, 1953.
The board had denied her application on the recommendation of its superintendent of schools on the basis that its applicable by-laws which were in effect when the absences occurred provided discretionary absence refunds for regular teachers only. Its brief states: “ There is no dispute with respect to the material facts herein. The issue involved is simply whether subdivision 3 of section 106 of petitioner’s by-laws, which provides for the refund of salary deductions resulting from absences due to personal illness, is applicable to ‘ regular substitute teachers ’.”
In pertinent part subdivision 3 of section 106 (supra) provides as follows: ‘ ‘ Absence from duty because of serious personal illness on the part of a member of the teaching or supervisory staff may be excused with pay, or the application may be denied in whole or in part, under regulations promulgated by the superintendent of schools within the limits of the table given below:
Year of Credited Experience Maximum Days excusable per School Year
1st —3rd ............................. 20
4th — 6th ............................. 30
* * *
All applications for excuse with pay, of absence due to serious personal illness, on the part of a member of the teaching or supervisory staff, serving in a school wholly within the jurisdiction of a local assistant superintendent shall be submitted to the local school board for ratification subject to the right of the *682 superintendent of schools to approve, disapprove or modify any action by the local school board”. In the text of the petitioner’s, by-laws subdivision 3 of section 106 appears under article IV of division C. Article TV is titled “ Leaves of Absence and Other Absences of Members of the Teaching and Supervising Staff.”
The commissioner construed this provision of the petitioner’s by-laws to mean that regular substitute teachers, together with regular teachers, are eligible in the discretion of the board for grants of absences from duty with pay for personal illness. Its clear language, his decision states, makes no distinguishment between such members of the board’s teaching staff in this respect.
The petitioner contends that the commissioner has misinterpreted its by-laws by his failure to consider, along with subdivision 3 of section 106 other sections claimed to be relevant to the subject of sick pay benefits for members of its teaching staff. It also urges that his decision ignores the familiar construction canon that the uniform practice of the board in refusing to excuse the absence with pay of regular substitute teachers must be given considerable weight in appraising its intent and finally that the board itself, having written the bylaws, is best qualified to determine what was intended.
The relevant sections of the by-laws which it is contended should be read in connection with subdivision 3 of section 106 are sections 483 and 484 thereof. They are set forth in part 3 of the by-laws under the title “ Salary Schedules ” and, in material part, read as follows: “ Section 483. One-twenty-fifth of a month’s salary shall be deducted for every day of absence, unless excused for adequate cause, on the part of any member of the supervising and teaching staff serving on an armnal salary under appointment by the Board of Education for whom hours and duration of service are prescribed in section 91 of the By-laws. * * * The provisions of this section shall apply only to persons employed on an annual salary under appointment by the Board of Education.”
“ Section 484. A 'regular substitute teacher ’ is one who is assigned by the Superintendant of Schools at the beginning of a term, or within five school days from the start of school sessions, to a position open for a full term. * * * One two-hundredths of the appropriate annual salary rate shall be deducted for each day of absence of a regular substitute teacher.”
Section 483 was originally section 503. It was amended and renumbered in 1947 to effectuate changes made necessary by the amendment of the so-called Feinberg Salary Law. (L. 1947, *683 ch. 778, eff. July 1, 1947.) At the same time section 484 was newly adopted for the same reason. (Education Law, § 3105.) Before its amendment section 503 of the by-laws had provided for salary deductions for absences of regular teachers “ unless excused for adequate cause ”.
The argument of the petitioner runs that its retention of the permissive excusatory provision in amended and renumbered section 483 of its by-laws in respect to absences of regular teachers and its omission to include terminology of similar import in section 484, originally adopted at the same time in respect to absences of regular substitute teachers, evince an intent on the part of the board to grant illness absence refunds to regular teachers only. This view completely ignores the clear and unambiguous language of subdivision 3 of section 106 which is a component part of the complete article of the petitioner’s by-laws which deals with “ Leaves of Absence and Other Absences of Members of the Teaching and Supervising Staff ”. The intent of the framers of the by-laws expressed in words and text so clear and plain would seem not to require resort to other means of interpretation. (Maltzer v. Koenigsberg, 302 N. Y. 523.) But assuming, arguendo, that the omission of the words “unless excused for adequate cause” in section 484 would compel an inference which conflicts with the unequivocal provisions of subdivision 3 of section 106 the commissioner in his search for the intent of the petitioner was not required, under pain of being found arbitrary in a legal sense, to ignore the positive language of one section of its bylaws in favor of another palpably less definitive even though it had been relying on the latter to exclude regular substitute teachers from the benefits of absence with pay for personal illness. (Cf. Matter of Ross v. Wilson, 308 N. Y. 605.) On this record the court is without power to disturb the determination of the commissioner. (Matter of Bd. of Educ. of Union Free School Dist. No. 1, Towns of Bethlehem, Coeymans & New Scotland, v. Wilson, 303 N. Y. 107; Matter of Levitch v. Board of Educ. of City of New York, 243 N. Y. 373, motion for reargument denied 244 N. Y. 505; Bullock v. Cooley, 225 N. Y. 566; Matter of O’Brien v. Commissioner of Educ., 3 A D 2d 321, 324; Matter of Hauser v. Wilson, 2 A D 2d 427; Matter of Beam v. Wilson, 279 App. Div. 277; Matter of Fabricius v. Graves, 254 App. Div. 19, motion for reargument denied 254 App. Div. 913; Matter of Cochran v. Levy, 175 Misc. 666, affd. 263 App. Div. 921; Education Law § 310.)
The petition is dismissed on the merits, without costs.
Submit order.