M. Henry Martuscello, J.
In this article 78 CPLR proceeding, petitioner, a teacher in the New York City public schools, seeks a review of a determination by the respondent Board of Education which denied payment of her claim for three days’ sick leave. The claim was presented by petitioner with a certificate by a licensed chiropractor which stated that he had treated her for a “lumbo sacral sprain discogenie origin”. The application was rejected on the basis of a letter from the respondent’s Medical Director, which stated, in part, “ I interpret that certification for illness by a chiropractor is not acceptable. I interpret the reasoning to be that chiropractors are not authorized to practice medicine.”
Permission to intervene here as “ interested persons ” pursuant to CPLR 7802 (subd. [d]) has been granted to Chiropractic Association of N, Y. Inc., Kings County Physicians Guild, Inc., and Medical Society of the County of Kings and Brooklyn Academy of Medicine, Inc, Permission has also been granted *712 Medical Society of the State of New York to appear amicus curia.
Subdivision 3(f) of section 106 of the respondent’s by-laws governing such applications for sick leave with pay, provides as follows: “ Applications for excuse with pay for absence due to personal illness must be accompanied by a certificate of a physician, or other doctor as provided herein, duly licensed in the State of New York or in the state where the applicant resides. Certificates may also be accepted from osteopaths; from dentists or podiatrists, when appropriate and within their professional spheres of competence; and from Christian Science practitioners listed in the official Christian Science Journal. All such certificates are subject to review and approval by the School Medical Director at his discretion.”
The general power of the Board of Education to make rules and regulations is found in subdivision 13 of section 2554 of the Education Law, which states: “13. To prescribe such regulations and by-laws as may be necessary to make effectual the provisions of this chapter and for the conduct of the proceedings of said board and the transaction of its business affairs, for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities and other interests under its charge or direction.”
Respondent by an affirmative defense in its answer claims further that specifically applicable to the point at issue is subdivision 12 of section 2573 of the Education Law, which provides : ‘ ‘ The salaries of all members of the supervisory and teaching force * * * shall continue to be not lower than such salaries were on June eighth [1917]. Rules and regulations shall be adopted governing excusing of absences and for the granting of leaves of absence either with or without pay.”
It is petitioner’s contention that the action of respondent in rejecting the certificate of the chiropractor and denying her application for compensating sick pay was “ in excess of the Board’s lawful authority as the petitioner’s right to seek leave is statutory.” (Petition, par. 11.) In support of the position thus taken, petitioner relies on section 3107 of the Education Law, enacted in 1961 and which, as pertinent here, provides:
“§ 3107. [Retirement and sick leaves.] In cities having a population of one million or more, employees of the board of education who are members of the New York city teachers’ retirement system shall be granted sick leave due to personal illness. Such sick leave shall be on the basis of at least ten *713 days for each year of service, cumulative to a maximum of two hundred days. Members shall upon application be granted a retirement leave of absence with full pay consisting of one-half of their accumulated unused sick leave, up to a maximum of one school term or the equivalent number of school days.” * * *
“ Any provision of law inconsistent with this section is hereby deemed superseded.” (Added by L. 1960, ch. 894; amd. by L. 1961, ch. 784, eff. April 22, 1961.)
Petitioner argues that these provisions mandated payment of sick leave by respondent and that any regulation (such as subdivision 3[f] of section 106 of the by-laws) which vests the board with discretion in this regard is ultra vires; and, moreover, that the concluding paragraph of section 3107 in effect nullifies the above-quoted subdivision 12 of section 2573 and the by-laws adopted to implement it.
I cannot agree with this interpretation. I see no inconsistency between these various provisions. By mandating at least ten days’ sick leave for each year’s service, the Legislature did not abrogate the board’s discretion to determine when an employee’s application for compensation following absence was in fact based on sickness. If petitioner’s view is correct and an employee’s right to sick “leave” is indeed absolute, there would be no purpose in the qualifying adjective “ sick ”. Additionally, it appears that section 3107 was enacted primarily to cover retirement credits. This view is bolstered by the fact that the title heading of the section as originally passed by the Legislature states: ‘ An act to amend the education law, in relation to retirement leaves for certain employees of the public school system of the city of New York.” (L. 1960, ch. 894.)
Respondent having the power to adopt by-laws and regulations pursuant to sections 2554 and 2573 of the Education Law, there remains the question of whether the above-mentioned subdivision 3(f) of section 106 of its by-laws is a valid exercise of such power and whether the disposition of this case is a reasonable interpretation of said by-law. It is well settled that all laws of the Board of Education, if not in conflict with legislative enactment, have the force and effect of law binding upon the board as well as those affected thereby (Matter of Goldberg v. Board of Examiners of Bd. of Educ., 45 Misc 2d 967, 969, and cases cited therein), and that interpretation by the board of its own regulations is entitled to the greatest weight. (1 N. Y. Jur., Administrative Law, § 108 and cases cited.)
Pursuant to chapter 780 of the Laws of 1963, the Legislature enacted article 132 of the Education Law (§§ 6550 through 6565) *714 for the licensure and regulation of chiropractors. Section 6558 entitled “ Rights of licensed practitioners ” states: “2. The practice of chiropractic, as herein defined, is hereby declared not to be the practice of medicine, or osteopathy, or physiotherapy within the meaning of the laws of the state of New York defining the same ”. Subdivision 3 of this section, among other things, further forbids: the practice of ‘ ‘ any medical, surgical or paramedical specialty”; reduction of fractures; treatment of infectious or communicable diseases, cardiac diseases, surgical conditions of the abdomen, or tumors; prescription or administration of drugs or use of therapeutic or diagnostic methods involving chemical or biological means or electrical devices (except those approved by the board as necessary for chiropractic purposes); the use of X ray except for diagnostic purposes (for which a special examination is required) and in no event to be used for persons under 18 years of age or on an area below the level of the top of the first lumbar vertebra. It is quite apparent from a reading of these sections that the practice is sharply restricted and, as apparently conceded by all parties, does not permit the practice of medicine.
The Medical Director for respondent properly points out that the condition treated by the chiropractor and referred to as “ a lumbo sacral sprain discogenic origin ’ ’ necessarily involved a diagnosis for which this chiropractor was not equipped or authorized by law; and that a condition such as this could be ascribed to a variety of underlying conditions which only a medical doctor could properly diagnose. Petitioner’s counsel points out in his brief that ‘ nowhere in the petition is it alleged that the chiropractor diagnosed the petitioner’s condition; only alleged is that he treated her for such condition.” The issue here is diagnosis, not treatment. The respondent, in effect, required as a minimum a diagnosis by a properly accredited expert that the sick leave and pay requested by petitioner are based upon determination of a recognizable illness. Such diagnosis has never been furnished by petitioner. Under the circumstances I cannot say that the respondent’s determination was arbitrary or without a reasonable basis. It is possible that there may be in the future isolated cases in areas where certification by a chiropractor would be acceptable by respondent but that is a question within the discretion of the board acting under the authority granted by the statute and regulations. Certainly the situation here is not open to such question. As stated in Matter of Shapiro v. Board of Educ. of City of N. Y. (250 App. Div. 57, 59); “ Our conclusion is that in a matter *715 within the tutelage of the internal management of the board of education * * * the court ought not to interfere with the authority primarily responsible for the conduct of the schools unless there is palpable discrimination or arbitrary action detrimental to the individual or class ” (cited and quoted with approval in Matter of Parrish v. Moss, 200 Misc. 375, 383, affd. 279 App. Div. 608 [2d Dept.]).
Petitioner’s counsel has submitted a supplemental memorandum on the question of the propriety of this proceeding rather than an appeal to the State Commissioner of Education as permitted by section 310 of the Education Law. I am completely in accord with his argument that an appeal to the Commissioner is not an exclusive remedy and that resort to a review in the first instance pursuant to article 78 is not barred by section 310. The great weight of authority has held in situations similar to the one presented here that section 310 provides merely an alternative remedy (Lorenz v. Board of Educ., 264 N. Y. 591, 592; Matter of Frankle v. Board of Educ., 285 N. Y. 541; Matter of Leeds v. Board of Educ., 19 Misc 2d 860).
There being a rational basis for the subject determination, this court may not substitute its judgment for that of the respondent. (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Matter of Stork Rest. v. Boland, 282 N. Y. 256, 273.)
The petition is dismissed, without costs.