In the Matter of FRANK DE LA ROSA, Petitioner, *v.* BOARD OF EXAMINERS OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, January 30, 1967.

*Henry C. Woicik* for petitioner. *J. Lee Rankin, Corporation Counsel,* for respondent.

JACOB J. SCHWARTZWALD, J.  In this article 78 proceeding petitioner, a high school teacher, serving under a conditional license, seeks an adjudication that the examination which he had taken for such license has been completed and that the Board of Examiners' jurisdiction over him in connection with such examination has also terminated.  He further seeks to permanently stay the Board of Examiners from requiring him to appear before it for an interview on his record in connection with such examination.

Petitioner was originally appointed in September, 1963 under a conditional license as a teacher in the junior high schools of the City of New York and has completed his three-year probationary service under such license. During said probationary period and in the Spring of 1965 petitioner took an examination for a senior high school position.  He received passing grades in the written and interview tests and on March 16, 1966 the Board of Examiners recommended that a license as teacher of Spanish in day high schools be issued to petitioner upon the following conditions: (1) meeting minimum requirements by February 1, 1966; (2) completion of six deferred credits in education by February 1, 1967; (3) meeting preparation requirements in full by February 1, 1969; and (4) investigation of record and experience and verification of eligibility and examination ratings.

Prior to the issuance of the above license and on September 18, 1965 petitioner was arrested and charged with the violation of the Penal Law.  He was acquitted after trial.  Approximately one year later, on September 7, 1966, he was employed in a senior high school as a probationary teacher, having been appointed from the eligible list previously promulgated by the respondent.  The latter requested petitioner to appear for an

interview on September 13, 1966 in connection with the "Appraisal of record" test part of his examination as a teacher of Spanish. The by-laws of the Board of Examiners provides in section 11 thereof as follows:

"1. As part of any examination the Board of Examiners shall appraise the records of applicants who have reached this part of the examination. * * * The record of an applicant up to the time of final action on his application may be made the subject of appraisal. Positive evidence of fitness in the matter of record shall be required.

"2. In the appraisal of record the Board of Examiners shall consider evidence of such elements of fitness as the following: loyalty to the Government of the United States and good citizenship generally; traits of character and personality, such as integrity, conscientiousness in the performance of duty, capacity for winning and holding the respect and cooperation of fellow workers and of the community, sympathetic understanding of and interest in children, and capacity for developing the character and securing the respect and cooperation of pupils; and, in the case of applicants who have rendered service relevant to the license or position sought, the ability to maintain a satisfactory degree of competence in the performance of such service".

Petitioner appeared before a committee of the Board of Examiners which sought to examine him with respect to his arrest on September 18, 1965. Petitioner refused to answer any questions but offered to supply a transcript of his trial. Petitioner asserts that he was not permitted to be represented by an attorney or union representative at the hearing before the committee and that the latter threatened to revoke his junior and senior high school teaching licenses.

Petitioner claims that since he had already been appointed from an eligible list the Board of Examiners no longer had any jurisdiction over him but the Superintendent of Schools became the sole person who could properly conduct any investigation into his affairs; that in any event the Board of Examiners could not conduct any such examination after one year from the date of the written test part of the examination; and that even within such time its investigation of the qualifications of examinees would be limited to the period prior to the date of the announcement of the examination.

The Board of Examiners is required "to examine all applicants who are required to be licensed or to have their names placed upon eligible lists for appointment in the schools in such city" (Education Law, § 2569, subd. 1) and "no person shall be licensed to serve in a position for which a license is hereinafter

prescribed who has not passed an appropriate examination conducted by the Board of Examiners." (Board of Education of the City of New York, By-laws, § 233.) However, the Board of Examiners may recommend to the Superintendent of Schools to issue and the Superintendent of Schools may so issue licenses "subject to investigation of record and to verification of eligibility and examination ratings" by the Board of Examiners and a license so issued will be terminated upon the certification by the Board of Examiners that the holder thereof "has failed to meet the eligibility requirements or the appropriate standards for licensing or both" (Board of Education of the City of New York, By-laws, § 234).

It is clear that the by-laws of the Board of Education, which have the force and effect of law (*Matter of Garber* v. *Board of Educ. of City of N. Y.*, 50 Misc 2d 711, 713), and the Education Law extend the jurisdiction of the Board of Education, after a conditional license is granted, to investigate an applicant's record to verify his eligibility and examination ratings. Nothing contained therein decrees that the employment, by the Board of Education, of one conditionally licensed destroys the duty placed upon the Board of Examiners to complete the examination of the applicant. In fact it is clear that no applicant can be regularly licensed unless he has passed the examination of the Board of Examiners. Petitioner had only passed the written and oral test of the Board of Examiners when he was conditionally licensed and thereafter employed by the Board of Education. The "Appraisal of record test," which is part of the examination and for which a grade of satisfactory was required, had not been given to the applicant. Thus the Board of Examiners could not certify that the applicant passed the examination. Accordingly, the Board of Examiners still retained the power to investigate petitioner's record.

*Matter of Mannix* v. *Board of Educ.* (24 A D 2d 481), cited by petitioner, is not applicable. The court therein merely held that a teacher who had acquired tenure could not be summarily dismissed without charges or a hearing for his failure to complete the necessary preparation requirements. There is nothing therein which rejects the position that the Board of Examiners' jurisdiction with respect to the applicants survives the hiring of the teacher who was conditionally licensed and is serving a probationary term.

Subdivision 2 of section 2573 of the Education Law, which authorizes the Superintendent of Schools where vacancies exist which cannot be filled because eligible lists have been exhausted, to "require the board of examiners to hold examinations forth-

with and to have lists available for promulgation within one year from the date of the written or first test of the examination '' does not fix a time limit for the Board of Examiners to complete examinations. It is clear that the section of the law is intended for the benefit of the Superintendent of Schools upon whom is cast the duty to meet the educational system's existing personnel needs. It merely empowers him to set in motion the source which will enable him to gain the personnel he needs within about one year's time. There is nothing therein which endows rights to any application for a teaching position. If there is any benefit that an applicant may derive from this provision it is a mere incident to its purpose and intent. Surely it is not the purpose or intent of the section to waive the required criteria for the attainment of the position.

Petitioner finally claims that the Board of Examiners may not inquire into the matters concerning his arrest since it occurred after the announced date of the examination. In support thereof he cites section 235 of the by-laws of the Board of Education which reads as follows: '' Section 235. *License Qualifications Not Retroactive.* The license qualifications shall be those effective as of the date of the announcement of the examination. New qualifications for licenses shall not affect the validity of, or range of employability under, licenses issued prior to the date such qualifications become effective; nor shall they affect the validity of licenses issued pursuant to an examination held in whole or in part or announced before the date such new qualifications become effective.''

Obviously this section deals wholly with the academic and professional qualifications of an applicant and does not apply to the examination itself, which includes as a part thereof the '' Appraisal of record '' test. In proceeding with such test the Board of Examiners may appraise the record of the applicant until it finally takes action on the application, that is, until it either certifies that the applicant has passed or failed the examination (Board of Examiners, By-laws, § 11.1).

Accordingly, the petition is dismissed. Since reference to petitioner's junior high school teaching position constantly runs through the petition and other papers, it must be noted that the disposition herein made is not intended to dispose of any issue which might arise with respect to that position. The sole relief sought herein by the petitioner concerns itself only with the senior high school teaching position.