Harold E. Koreman, J.
Petitioner seeks a judgment pursuant to article 78, CPLR, annulling and setting aside the determination and order made by respondent Acting Commissioner of Education, wherein he dismissed an appeal by petitioner from the results of an election of members of the board of trustees of respondent Mid-Hudson Libraries. It is also sought to annul the purported election to the board of the respondent. Altman Lampe, and that petitioner be declared to have been duly elected to the said office. Respondent Acting Commissioner has cross-moved for an order dismissing the petition for failure to state facts sufficient to constitute a cause of action, and respondents Lampe and Mid-Hudson Libraries have joined in the cross motion.
The facts that give rise to this proceeding are undisputed. Respondent Mid-Hudson Libraries was established and chartered by the Board of Regents of the State of New York, pursuant to subdivision 2 of section 255 of the Education Law, for the purpose of functioning as a co-o.perative library system for the Counties of Columbia, Dutchess, Greene, Putnam and Ulster. Petitioner, a resident of Columbia County, was nominated at *578 the annual meeting of respondent Mid-Hudson Libraries to succeed herself as trustee from Dutchess County. She received the majority of votes for that position, but respondent Lampe was declared elected Dutchess County trustee as a result of a ruling by the chairman of the meeting that petitioner’s lack of residence in Dutchess County rendered her ineligible to hold the contested position. Petitioner appealed to respondent Commissioner from the result of the election, and the appeal was dismissed by the Commissioner by his determination dated August 13, 1968. In his decision the Commissioner noted that the Education Law is silent with respect to residence of a trustee of a co-operative library system, and it neither requires that such trustees be residents of the county they represent, nor does it preclude representation by a duly elected nonresident. The Commissioner held, however, that respondent Mid-Hudson Libraries’ charter provides that there shall be three trustees from each county included in the system, and the officer presiding at the meeting construed this to impose a requirement ‘that each trustee elected be a resident of the county he or she is to represent. The full board of trustees of Mid-Hudson Libraries concurred in this interpretation. The Commissioner was of the opinion that a duly constituted co-operative library system has construed a provision of its own charter in the exercise of its own inherent authority, that such interpretation was neither arbitrary nor capricious and that he would not substitute his judgment or interpretation for that duly arrived at by the trustees of the library board. He refused to overrule the board even though, as he stated, he might not have arrived at the same interpretation as that adopted by the board, since the facts disclosed in the record would not justify a finding that the board acted arbitrarily with respect to its interpretation. It was found that the board of Mid-Hudson Libraries acted in a reasonable manner when it declared petitioner ineligible since representation by three members, each of whom is a resident of that county, preserves a balance of representation.
Petitioner now alleges that the Commissioner was purely arbitrary in failing to find that Mid-Hudson Libraries was arbitrary and capricious in its interpretation of its own charter and by-laws. It should be noted here that the only issue to be passed upon by the court is whether the decision of the respondent Commissioner was purely arbitrary, and that the action taken by respondent Mid-Hudson Libraries, from which petitioner appealed to the Commissioner under section 310 of *579 the Education Law, may not now be reviewed de novo by the court.
Petitioner argues that the subject matter reviewed and decided by the Commissioner is not a matter of educational policy, that Mid-Hudson Libraries is no more than a private educational and charitable corporation which functions as an instrument of public administration. Therefore, petitioner concludes, that since the Commissioner’s decision was not on a matter of purely educational concern, it does not have the finality accorded by section 310 of the Education Law. In this connection it is only necessary to point out that a co-operative library system must be chartered by the Board of Regents of the State of New York or it would not be eligible to receive State aid with which the system operates (Education Law, §§ 272, 273), and, further, that petitioner herself sought to annul the results of the election by appeal to the Commissioner under subdivision 7 of section 310. “ It should be emphasized that whatever the scope of a direct judicial review of a subordinate officer or body within the education system may be, that scope is greatly restricted in reviewing a final determination in respect of a controversy within the education system by the State Commissioner upon an appeal to him by one aggrieved. Such an appellant accepts the advantages offered by appealing to an officer more fully cognizant than the courts can be with the requirements, needs and processes of the education system, but he also accepts whatever disadvantage that may arise from the fact that in the absence of a determination depending upon such arbitrary and naked power that no reasonable man could reach the result upon appeal, the determination is final and the controversy put at rest. Such finality, in plain language, is the legislative policy of the State. ’ ’ (Matter of Cochran v. Levy, 175 Misc. 666, 668, affd. 263 App. Div. 921). Petitioner alleges further that since the trustees of a co-operative library system corporation are not public officers there is no requirement of residency in the county he or she represents; that a co-operative library system comes into existence by the voluntary actions of individual citizens alone who are not bound to recognize territorial lines of political subdivisions within the areas serviced, and therefore the charter and by-laws of Mid-Hudson Libraries do not bar petitioner from holding the office to which she was duly elected. It is for such reasons, petitioner asserts, that residence requirements were deliberately omitted from section 255 of the Education Law. Petitioner’s argument in this respect is not *580 persuasive. The Commissioner’s decision was not based on any consideration of whether or not the trustees of Mid-Hudson Libraries were public officers. He decided simply that the disqualification of petitioner and the election of respondent Lampe was the result of a reasonable interpretation by Mid-Hudson Libraries of its own charter and by-laws, even though there are no residency requirements in section 255 of the Education Law, and despite the fact that he might not have arrived at the same interpretation. The Commissioner recognized petitioner’s prior election and service as a member of Mid-Hudson Libraries board of trustees, but noted that the legality of her ability to hold the position of Dutchess County Trustee had not been challenged before.
Since petitioner has not demonstrated that respondent Commissioner’s decision is based on any error of law, nor that it was purely arbitrary, it is final and conclusive. (Education Law, § 310; Matter of Cochran v. Levy, supra; Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127; Matter of Vetere v. Allen, 15 N Y 2d 259; Matter of Board of Educ. v. Allen, 52 Misc 2d 959, affd. 30 A D 2d 742.)
Accordingly, respondents ’ cross motion is granted and petition is dismissed.