A. Franklin Mahoney, J.
The Board of Education of the City School District of the City of Poughkeepsie (hereinafter Board), petitioner herein, seeks an order pursuant to the provisions of CPLR article 78 annulling the order of the Commissioner of Education of the State of New York (hereinafter Commissioner), dated December 28, 1973, made on an appeal by Robert A. Timmons, pursuant to section 310 of the Education Law, after the Board had refused to rehire him as principal of its Middle School for the school year 1973/1974.
The pertinent facts are as follows:
At a special meeting of the Board, on August 23, 1972, the Superintendent of the City School District of the City of Poughkeepsie recommended Timmons for appointment to the position of principal for the 1972/1973 school year, at an annual salary of $21,000 plus $500 for moving expenses. On August 24, 1972 *545 the Superintendent informed Timmons of his appointment and the Assistant Superintendent, on August 25, 1972, officially notified Timmons, in writing, of his appointment for the school year 1972/1973. Timmons entered upon the performance of the duties of principal.
On May 10, 1973 the Superintendent recommended Timmons for reappointment for the 1973/1974 school year. However, at the Board’s meeting of May 14, 1973 a motion, duly made and seconded to rehire Timmons for the next ensuing school year, was defeated by a three to two vote.
On June 13, 1973, upon application by Timmons, the Commissioner stayed the Board from terminating Timmons’ employment until such time as he perfected his appeal to the Commissioner from the decision of the Board. The appeal was argued on July 17, 1973 and on December 28, 1973 the Commissioner rendered his decision sustaining the appeal and directed the continuing employment of Timmons as principal of the Middle School in the City School District of the City of Poughkeepsie.
As with all article 78 reviews of decisions rendered by the Commissioner, the alleged inviolability of such decisions must be passed on. The decisional law in this State on this point is lengthy and need not be cited herein. It is enough to say that the Court of Appeals has repeatedly held that the review of the Commissioner’s decisions under section 310 of the Education Law is far narrower than the normal review of administrative determinations. Such decisions are final absent a showing of pure arbitrariness (Matter of Cochran v. Levy, 175 Misc. 666, affd. 263 App. Div. 921; Matter of Vetere v. Allen, 15 N Y 2d 259; Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127). In entertaining appeals from rulings of Boards of Education, the Commissioner acts in a quasi-judicial manner. When, as herein, he decides an appeal by construing a statute, he undoubtedly acts in a judicial capacity and, it can be fairly said that if in so acting he misconstrues or mistinterprets the subject statute, his construction is so freighted with illegality that it falls within the narrow range through which the courts can reach the decision based upon that misconstruction and annul the same.
Consequently, the issue before the court is whether the respondent Commissioner misinterpreted section 2509 of the Education Law so that the order sought to be reviewed can be said to be based on illegality.
In my view, the Commissioner correctly interpreted the provisions of section 2509 (subd. 1, par. [b]) of the Education Law *546 and Ms order sustaining the appeal of Robert A. Timmons must be affirmed.
Section 2509 (subd. 1, par. [b]) of the Education Law, so far as pertinent, provides that administrators and supervisors, including principals, “ shall be appointed by the board of education, upon the recommendation of the superintendent of schools. The service of a person appointed to any such positions may be discontinued at any time on the recommendation of the superintendent of schools, by a majority vote of the board of education, except that the board of education may, in its discretion, enter into an employment contract with any principal, supervisor, or member of the supervising staff for a period of from one to five years. Such contract may include duties, compensation, and other terms and conditions of employment and may specify the grounds on which such contract may be terminated and the procedures to be followed in the event of termination prior to its expiration date.”
The basic issue is whether the Board made a mutually enforceable contract of employment with Timmons within the meaning and intent of section 2509 (subd. 1, par. [b]) of the Education Law.
In order to resolve this question it is helpful to review the legislative, history of section 2509. Prior to 1971, the professional staff of a school district, including its principal, was appointed by the local Board upon the recommendation of the Superintendent for a probationary period of one to three years. At the expiration of the probationary period the Board, upon recommendation of the Superintendent, could appoint the individual involved to a tenured position and he could not thereafter be removed except for cause. By sections 8 and 9 of chapter 116 of the Laws of 1971, the Legislature amended section 2509 of the Education Law by writing a new paragraph (b) to subdivision 1 providing for essentially the same manner of appointment of staff but eliminating the probationary period. All staff, including principals, was to be hired and discharged by the Board with the concurrent recommendation of the Superintendent. By section 1 of chapter 953 of the Laws of 1972, the Legislature again amended section 2509 (subd. 1, par. [b]) by adding, for the first time, the contract provision for employing principals by the Board for periods of one to five years and provided that contracts may include duties, compensation, terms, condition's and grounds and procedures for termination. The amendment became effective June 8, 1972.
*547 The amendment of 1972 (ch. 953, § 1) did two things. It retained the method of hiring professional staff by appointment of the Board with the recommendation of the Superintendent, and it provided the local Board with a greater degree of autonomy by authorizing a method of hiring, completely divorced from the normal and usual regulatory power of the State, as represented by the Superintendent. However, this grant of autonomous power was proscribed by statute to the end that any such contract of employment of professional staff be for a period of one to five years.
The petitioning Board argues that it had a valid oral contract of employment with Timmons for the school year of 1972-1973 and that it expired by its own term, thereby releasing the Board from any statutory obligation to continue him as principal. ■
All parties have submitted briefs which eloquently set forth their views with respect to the Statute of Frauds as it relates to contracts that can’t be performed within one year. The issue, however, is not whether the subject contract can be performed within one year but whether it was a contract authorized by the terms of section 2509 (subd. 1, par. [b]) of the Education Law.
In my view, the question is resolved by looking at the language of the subject subdivision of section 2509 as that phraseology is indicative of the legislative meaning within the context of the Education Law. Specifically, the pertinent language of the statute is, “ the board * * * may * * * enter into an employment contract with any principal * * * for a period of from one to five years ’ ’. To ascertain what the Legislature meant by the phrase of “ from one to five years ”, it is only necessary to turn to section 2 of the Education Law. Definitions. Subdivision 15 defines “ school year ” as follows: “ The term 1 school year ’ means the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.” Bead together it is clear that the minimal contractual period authorized by section 2509 (subd. 1, par. [b]) of the Education Law is for a 12-month year. The contract sought to be sustained by the Board was for a 10-month period and, in my view, outside the permissible contractual period defined by the statute as “ from one to five years ”.
In the absence of a contract the Board cannot discharge Timmons without the recommendation to that end by the Superintendent.
The petition is dismissed.