In the Matter of the Application of REBECCA SHAPIRO, Appellant, for a Mandamus Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, February 26, 1937.

*Herman E. Cooper,* for the appellant.

*Arthur Bainbridge Hoff* of counsel [*Nicholas Bucci* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

McAvoy, J.   The petitioner, a teacher in a vocational high school, bases her application upon Education Law, section 610-a, subdivision 6, which was added by Laws of 1935, chapter 250, and became effective September 1, 1935.   This subdivision of the statute is as follows:

" 6. Any kind of secondary vocational school may be chartered by the regents as a vocational high school.   The regents shall establish rules for the organization and conduct of such vocational high schools.   The teachers and principals of such vocational high schools and secondary vocational schools shall have the same rights, privileges and status as the teachers and principals of any kind of high school maintained by the board of education of the same city or district."

The petition alleges that the by-laws of the board of education of the city of New York require teachers in vocational high schools to teach six and one-half hours a day while teachers in other high schools are required to teach only five hours and thirty-five minutes a day, and that by this variation in hours teachers in vocational high schools are discriminated against and are not given the same " rights, privileges and status " as teachers in other schools.

The petition fails to mention that though a basic teaching day of five hours and thirty-five minutes is provided for teachers in other schools by the by-laws of the board of education, such teachers

may be required to work forty minutes additional time. It may also be noted that teachers of textile subjects are required to work six hours and twenty minutes a day plus forty minutes additional if requested, and that teachers of agriculture are required to work five and a half hours a day with additional time up to a total of eight hours.

The court below in denying the application at Special Term, did not pass on the legal question of whether section 610-a of the Education Law gave the petitioner a legal right to limit her working hours to those of teachers in other high schools, but denied her application as a matter of discretion.

Section 610-a of the Education Law does not require that the hours of a teacher in a vocational high school shall be identical with those of a teacher in other high schools nor do we consider that in applying for relief here petitioner relegates her status from the profession of teaching to the vocation of day laborer as indicated in the memorandum below. Our conclusion is that in a matter within the tutelage of the internal management of the board of education and the discipline of working hours, their length or its lack prescribed for the various teaching staffs, the court ought not to interfere with the authority primarily responsible for the conduct of the schools unless there is palpable discrimination or arbitrary action detrimental to the individual or class. A classification such as here complained of comes not within those categories.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.