MATTHEW J. NATALE et al., Copartners Doing Business under the Name of " 80 Club ", Appellants, v. JOSEPH MAZZUKI, Respondent, et al., Defendants.— In an action for an injunction to remove an encroachment, order denying plaintiffs' motion to strike out the separate defenses in the answer of defendant Joseph Mazzuki, as insufficient in law, modified on the law by striking from the ordering paragraph the words " in all respects, hereby denied," and substituting therefor " in so far as the first and second separate defenses are concerned, denied, and granted as to the third separate defense." As so modified, the order is affirmed, without costs. The complaint alleges that the buildings of the parties adjoin. On the argument of the appeal, counsel agreed that the case could be disposed of on the assumption that the walls do abut. The complaint alleges that the encroachment is on an area three inches by about fifty feet. In the first separate defense respondent, relying on the provisions of sections 990 *et seq.* of the Civil Practice Act, alleges that the action was not commenced within one year or within two years after the erection of the encroachment. The limitation of time provided for by section 992 of the Civil Practice Act is applicable to this action. (*Feingold* v. *Marx Co.,* 191 Misc. 42, affd. 273 App. Div. 959; Civ. Prac. Act, § 10.) The cause of action is to enforce the liability or obligation of the respondent because of the erection of the encroachment. The same obligation would give rise to an action at law. The fact that a different remedy may be had in equity than

at law does not change the nature of the cause of action. (Cf. *Abrams* v. *Maryland Cas. Co.*, 300 N. Y. 80, 86.) Prior to the adoption of section 539 of the Real Property Law, when it was assumed an action in equity lay, the Court of Appeals, in an opinion, stated that a mandatory injunction would not issue in equity to remove an encroachment less than six inches in depth, in an action not commenced within the period prescribed in section 1499 of the Code of Civil Procedure, now section 992 of the Civil Practice Act. (*Carroll* v. *Bullock*, 207 N. Y. 567, 573.) The statement was not obiter. The materiality of the issue as to the size of the encroachment in that case depended on the applicability of the provisions of section 1499 of the Code of Civil Procedure. The first separate defense, therefore, was properly held to be good. The second separate defense also was properly allowed to stand. (*Ansbacher* v. *New York Trust Co.*, 280 N. Y. 79; *Straus* v. *American Publishers' Assn.*, 103 App. Div. 277; *Troller* v. *Michel*, 275 App. Div. 721.) The third separate defense, however, stated no facts showing that appellants had an adequate remedy at law. It should have been struck out. (*Holland* v. *Grote*, 193 N. Y. 262.) Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [198 Misc. 494.]