Anthony J. Di Giovanna, J.
In this article 78 proceeding petitioners request an order directing the respondent Board of Education of the City of New York to place the petitioners upon the Day High School Salary Schedule Ila, pursuant to section 514 of the by-laws of the respondent and to pay the petitioners the difference in salary actually paid them and the salary they should have been paid had they been placed on said schedule.
*959 The record reveals the following facts: Prior to 1936 swimming teachers had been assigned annually from evening recreation or community centers ’ eligible lists and were compensated at per session rates, such licenses being renewed annually. During this period they were barred from participation in the Teachers’ Retirement System or possession of tenure. On April 8, 1936 the Board of Education, acceding to the pleas and requests of these teachers and their association that they be given an opportunity to acquire regular status with an annual salary, tenure and retirement benefits, by resolution held an examination for a license as teacher of swimming in day schools, limiting the examination to those persons then employed as teachers in swimming. In June and August, 1936, by resolution, each of the petitioners was granted a license as “ Teacher of Swimming in Day Schools ” for the probationary period of three years to become final upon the termination of such period and adopted a specific salary schedule called XIa for such positions, whereas the teachers in the “ Day Academic and Vocational High Schools ” were paid pursuant to Schedule Ila. These salary schedules continued until June 30, 1947 when the Feinberg Teachers’ Salary Law was enacted, effective July 1, 1947 (L. 1947, ohs. 778, 908) requiring that “ teachers ” as therein defined should be paid not less than the salaries provided in Salary Schedule C-l and C-2 thereof. By specific provision swimming teachers were excluded from the classification of ‘ ‘ Teachers ’ ’ for whom salary schedules were mandated. Respondent, however, amended its Salary Schedule XIa for teachers of swimming by increasing their maximum salaries. ■The existing Salary Schedule Ila for incumbent high school teachers was higher at each salary step than that prescribed by the Feinberg Law. Salary Schedule C-l and C-2 was continued for incoming high school teachers. In accordance with the provisions of chapters 778 and 908 of the Laws of 1947, the Board of Education established under section 514 of its by-laws, effective July 1, 1947, Schedule Ila, to be applicable to “ Teachers Appointed Prior to July 1, 1947 to Day and Vocational High Schools.”
In 1948 the State Legislature enacted chapter 860 of the Laws of 1948 amending the Feinberg Law (Education Law, §§ 3101-3104) by deleting therefrom the exclusion of swimming teachers from the definition of “ teachers ” entitled to the mandated salary schedule therein provided. Conforming to this enactment, respondent on May 11, 1948 repealed its salary schedule YTa. for teachers of swimming, amended its Salary Schedule C-l and C-2 to include swimming teachers among those to whom *960 such schedules were applicable, by passing section 513 of its by-laws referring to teachers of swimming appointed on or after July 1, 1947, as well as those appointed prior to July 1, 1947. Petitioners have been paid at all times since 1948 in accordance with respondent’s Salary Schedules C-l and C-2 .
During the year 1952, petitioners and others similarly situated and their association contended that, when they were placed under the Salary Schedule of C-l and C-2 in 1948, the respondent had improperly placed them on the wrong salary line or step and not in accordance with the Feinberg Law, and requested a change of line as well as back pay. As a result of this request and negotiations, their claims were compromised and adjusted and releases were obtained from the petitioners, etc. Petitioners contend in this proceeding that they were appointed as “ High School Teachers of Swimming” prior to July 1, 1947 and that they must, therefore, be compensated under Salary Schedule Ila, which respondent adopted in 1947 for those of its teachers who had been appointed prior to July 1, 1947 as high school teachers, since they, the swimming teachers, had been assigned to such schools and are under the direct supervision of the high school division of the Board of Education, having been assigned to official classes, building assignments and other noninstructional activities in the high schools of the City of New York; that their duties as teachers do not differ from any other high school teacher except in the subject area and that as high school teachers of swimming they have been excluded arbitrarily, capriciously, unreasonably and illegally from placement in Schedule Ila.
The respondent, however, contends that there never has been any such position as “High School Teachers of Swimming” and that all swimming teachers, including the petitioners, were appointed as “ Teacher of Swimming in Day Schools ” subject to assignment and reassignment to any day school at which their services may be required; that, in any event, if it was assumed that petitioners were appointed as “ High School Teachers of Swimming ”, respondent’s action was in all respects legal and proper when it established a different salary schedule for petitioners other than that of high school teachers. The respondent maintains that, in any event, petitioners’ present salary claims were heretofore adjusted, compromised and released, and petitioners have no grievance.
The court is in accord with these contentions. The Board of Education, which alone has power to create positions and to designate the kinds and grades of teaching licenses for the public school system of the City of New York, never established any *961 license or position of “High School Teacher of Swimming.” An examination of the various resolutions and hy-laws adopted by the respondent clearly establishes that the only position in the area of swimming instructions which respondent created was the one which it created in 1936 for “ Teachers of Swimming in Day Schools.” Every swimming teacher in the employ of the respondent at that time, including the petitioners, took the same examination in 1936 for a license as “ Teacher of Swimming in Day Schools ”, received the same license and appointed to the same position, although assigned to both high schools and elementary schools. Under the resolution and by-laws, only one position of “ Teacher of Swimming in Day Schools ” was created and no licenses were issued for the position of high school teacher of swimming, junior high school teacher of swimming or elementary school teacher of swimming, except to a few of the petitioners whose certificates of permanent appointment referred to their positions as “ Teacher-Swimming (High School or Senior High School).” Such certificates were apparently mistakenly issued, as the resolutions and by-laws hereinabove set forth, which created the positions in dispute, made no reference to any designated branch of the city educational system but related only to day schools. Since no position of “ High School Teachers of Swimming ” had been created and none of the petitioners ever was appointed legally to or served a probationary term in any such position, none of the petitioners has any legal basis for claiming such appointment. The mistakenly issued certificate does not create a permanent appointment (Matter of Mare v. Dillon, 272 App. Div. 828, affd. 298 N. Y. 527).
The education and preparation requirements for the swimming teacher license, the fact that only one examination was ever given for such license which was. of a qualifying closed type, as well as the nature and level of the teaching services necessarily constituted relevant factors in respondent’s establishment of a separate salary schedule for swimming teachers. The education and preparation requirements for high school teachers, who are obligated to take open competitive examinations, generally are higher than those for swimming teachers and accordingly were properly placed in higher grade salary valuations than those of swimming teachers. The differentiated salary schedules established by the respondent for the different grades of teaching positions was properly predicated upon the relevant considerations above described.
Petitioners have failed to establish any violation of the Fein-berg Law as they have been paid under the salary classifications *962 set forth, therein and under section 513 of respondent’s by-laws their appointments applied to before and after July 1, 1947. The enactment of chapter 860 of the Laws of 1948, which had the effect of including swimming teachers under the Feinberg Law, did not impose any obligation upon the respondent to include the petitioners under Salary Schedule Ila even if it is assumed that petitioners were high school teachers.
The compromise and releasing of the petitioners’ claims in 1952 in any event is a bar to the present proceeding. Nowhere have petitioners established the alleged fraud and misrepresentations charged against the respondent. In fact, the exhibits clearly establish the contrary, and demonstrate that considerable thought had been given to the compromise. It may well be that the petitioners are also barred by the Statute of Limitations in their failure to institute this proceeding when the respondent formulated and enacted Schedule C-l and C-2 in 1948, which placed the petitioners in that category instead of Schedule Ila.
‘ ‘ One who assails the classification * * * must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary ” (Harman v. Board of Educ. of City of N. Y., 300 N. Y. 21, 31). As was held in the Matter of Shapiro v. Board of Educ. of City of N. Y. (250 App. Div. 57): “ Our conclusion is that in a matter within the tutelage of the internal management of the hoard of education * * * the court ought not to interfere with the authority primarily responsible for the conduct of the schools unless there is palpable discrimination or arbitrary action detrimental to the individual or class.” The classification of the salary schedule for the petitioners complained of does not come within such a category. The judicial function of a court ‘ ‘ is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ” (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108).
There being warrant in the record and a reasonable basis in law for the action of the respondent, the petition is dismissed. (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70.)
Submit order.