■ In the Matter of MYKAP REALTY CORP., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding to review a determination of the State Rent Administrator that a six-room apartment in a multiple dwelling is not exempt from control, the appeal is from an order denying the petition and dismissing the proceeding. Order reversed, without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent herewith. Appellant claimed that the subject apartment was decontrolled under paragraph (h) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 11 of section 9 of the State Rent and Eviction Regulations, by reason of the fact that each of two former landlords had occupied the apartment for a period of one year prior to the date of renting. Respondent held that there was no owner-occupancy warranting exemption from control, since both of the former owners had let four of the six rooms to others. Insofar as the occupancy of Fisher, one of those owners, is concerned, respondent's finding has substantial support in the record, and we agree that the cited provisions of the statute and regulations were not intended to apply to such an occupancy. However, there was insufficient proof before respondent as to the nature, extent and duration of the occupancy by Saunders, the other owner. Further proof on those questions should be taken by respondent who will then be in a better position to determine whether or not the occupancy by Saunders was sufficient to effect decontrol and to base his ruling upon legally sufficient evidence.— Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ In the Matter of CARL SCHOENING et al., Appellants, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Appeal from an order dismissing the petition in a proceeding to direct the Board of Education of the City of New York to place appellants and others upon the day high school salary schedule IIa, and to pay them the difference between the salary actually paid them and the salary that should have been paid. Appellants are licensed by the respondent as teachers of swimming in day schools. Their services are rendered in high schools. Their salaries, under respondent's procedures, are regulated by schedules C1 and C2, which are authorized by [former] section 883 of the Education Law (as amd. by L. 1947, chs. 778, 908; L. 1948, ch. 860). Appellants contend that inasmuch as they have been appointed to high schools their salaries must be governed and regulated by schedule IIa, which is entitled " Day Academic and Vocational High Schools " and under which respondent determines the salaries of high school teachers. Order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. [8 Misc 2d 957.]

■ ENRICO MARINO, as Executor of OLIMPIA MARINO, Deceased, and MICHAEL A. MARINO, Deceased, Respondent, v. ALEXANDER DOCTORS et al., Appellants.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order entered October 30, 1958 restoring the action to the Trial Calendar and granting other relief, and from an order entered December 10, 1958 denying appellants' motion to dismiss the action for lack of prosecution. Orders affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.