De Forest C. Pitt, J.
This proceeding under article 78 of the Civil Practice Law and Buies brought to obtain judgment vacating, annulling and setting aside a certain decision or determination of respondent, Ewald B. Nyquist, as Acting Commissioner of Education.
The proceeding is brought by the Board of Education of Central School District No. 3, of the Town of Crown Point, County of Essex, New York, denoted in the title as, “Appellant ”, and hereinafter referred to as the Board of Education.
The subject determination was made by respondent following an appeal brought before him by one Frederick D. Walsh in accordance with section 310 of the Education Law. The pertinent facts presented upon such appeal appear to be as follows:
Frederick D. Walsh was appointed by the Board of Education as principal on July 1, 1958, at an annual salary of $8,000 for a probationary period of three years. Thereafter, and in June, 1959, the Board of Education adopted a salary schedule applicable to the said Frederick D. Walsh providing for a salary increase of $1,000 per year for five years. In February, 1961 the said Frederick D. Walsh was notified that he had been appointed as principal on tenure and that his salary for the following year would be $11,000. It was disputed upon such appeal whether the aforesaid amounts of salary were to be paid for services during the calendar year, or during the 10-month period from September 1 through June 30, during which public schools are in session.
It is interesting here to note that section 3101 of the Education Law provides in pertinent parts, as follows: “ 1. ‘ Teachers’ shall mean * * * principals * * * 3. Except in a city having a population of one million or more, ‘ salary ’ shall mean the amount of compensation that is to be paid to a teacher *226 for services rendered during the full ten months period that the public schools of the district are required by law to be in session during any school year.” Subdivision 15 of section 2 of the Education Law reads: “ School Year. The term 1 school year ’ means the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.”
It was found by the respondent that the said Frederick D. Walsh was paid additional salary for services during the months of July and August in the years 1959, 1960 and 1961.
In April of 1962 the Board of Education, by a motion, rescinded all previous resolutions regarding the subject salary and further adopted a new salary schedule consisting of 10 steps starting at $8,500 per annum and progressing therefrom in increments to the maximum of $11,500. It was indicated at this time that this new salary schedule was upon a 12-month basis, and provision was made for vacation during the Summer months. At the same time, and again by motion, said Frederick D. Walsh was placed upon the fifth step of such salary schedule, to wit: $10,000. At the time of the adoption of such new salary schedule the effective date of the same was not stated. Consequently, presumably for the purposes of clarification, the Board of Education, at a meeting held in June of 1962, took further action in regard to such schedule and by resolution provided the same was to become effective July 1, 1962.
The issue presented upon such appeal was formed by an act of the 1962 Legislature (L. 1962, ch. 656) relating to the salaries of teachers, which, among other things, amended the provisions of subdivision 2 of section 3104 of the Education Law, providing as follows: ‘‘Nothing contained in this article shall authorize the school authorities of any school district to pay a teacher employed in the district on July first, nineteen hundred sixty-two, at any time, an amount of salary less than the amount such 'teacher would be entitled to under laws in effect prior to Jfily first, nineteen hundred sixty-two.”
It was found by the respondent that since the aforesaid new salary schedule provided for an annual salary of $10,000 for 12 months, or $8,333.33 for 10 months, and was less than the amount the petitioner was entitled to under the salary schedule in force prior to July 1,1962 ($11,000 for 10 months), the Board of Education was powerless to reduce the salary of the petitioner below $11,000 for the period of September 1 through June 30. Accordingly, the Board of Education was required to make certain retroactive payments to the said principal.
*227 Section 310 of the Education Law reads in part as follows: ‘1 Any person conceiving himself to be aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this article and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever.”
There appears to have been extensive litigation involving this section of the Education Law and regarding what is termed its ‘ ‘ finality rule ’ \ The established interpretation of the same is stated in the opinion of Chief Judge Cosway in Matter of Board of Educ. of City of N. Y. v. Allen- (6 N Y 2d 127, 136), wherein it is written: “If the words of section 310 were to be read literally there could be no court review whatever of the Commissioner’s decisions on appeal, for the statute states that his decision ‘ shall be final and conclusive, and not subject to question or review in any place or court whatever. ’ However, our court has determined that the Legislature did not intend that the words are to be so read. Thus, we have said that ‘ decisions by the Commissioner of Education are final unless purely arbitrary ’. * * * The term ‘ arbitrary ’, standing by itself, would be quite sufficient to make it plain that only a narrow review of the Commissioner’s decision is available in the courts. In the above-cited cases we undertook to emphasize the point by employing the phrase 1 purely arbitrary ’. ’ ’
It is here to be decided, therefore, whether or not the respondent’s determination in the matter before this court was, “ purely arbitrary ”. It is of no consequence that the subject determination may have involved statutory construction by the respondent. (Matter of Levitch v. Board of Educ., 243 N. Y. 373.)
A reading of the decision of the respondent clearly indicates that his determination was made after a thorough consideration of the facts and applicable statutes. After a discussion of the same the said decision proceeds in orderly fashion to a well-reasoned, logical conclusion. The decision is not arbitrary, and, therefore, will not be disturbed by this court.
This proceeding, therefore, will be dismissed.