T. Paul Kane, J.
This is a proceeding pursuant to article 78 of the CPLR in which the petitioner seeks to annul a determination of respondent Commissioner following an appeal pursuant to .section 310 of the Education Law (Matter of King, Decision No. 7877, dated June 13, 1968). Upon the argument of the motion herein, leave was granted to the respondent Jeffrey Lloyd King, by his father and next friend, Lloyd King, Jr., et al., to intervene as interested persons, since they were the appellants before the Commissioner in the appeal which resulted in the order of June 13, 1968. However, the confrontation created by this proceeding is essentially between the Commissioner of Education and the Mount Vernon School Board, and its disposition is dependent upon an examination *763 of .section 310 of the Education Law and the various case authorities that determine its direction and breadth.
There is no substantial dispute as to factual matters and no detailed recitation of facts is necessary. Suffice it to say that the City of Mount Vernon is bisected by the New York, New Haven & Hartford Railroad tracks. On the north side thereof the population is predominantly white, and on the south side, predominantly nonwhite. This, of course, is reflected in the population of the neighborhood schools, where racial imbalance is an obvious condition. This matter has been before the Commissioner since 1965, and various plans and studies have been presented in the past in an attempt to find a solution. Implementation of portions of these plans have, for various reasons, in the opinion of the Commissioner, been ineffective. One of the more significant reasons has been the lack of available funds, or a source thereof, to implement a rather ambitious construction program that hopefully would provide the necessary solution. Both the black and the white community have submitted studies and plans to the Commissioner which reflect serious and conscientious efforts in a search for a solution that would provide for the needs of this community. The culmination of these efforts has been the order of June 13, 1968, which is a direction for full integration by not later than November 4, 1968 of all children in the Mount Vernon School District in grades one through six, ‘ ‘ by assigning all pupils in grades one through three to existing elementary schools in either the north or south half of the district, and all pupils in grades four through six to schools in the other half of the district.” (Matter of King, supra.)
It is the thrust of petitioner’s argument that such an order is a direction for the cross-bussing of students in the elementary grades within the school district and as such is a “ purely arbitrary ” determination made by the Commissioner, one based entirely upon race, with no educational purpose, and as such, is unconstitutional. It further questions the power of the Commissioner to order a school board to act in such a manner, an issue which it characterizes as one of first impression. In addition it urges that the financial burden to be imposed upon the district would be devastating, and in support thereof submits cost analysis studies to particularize that burden.
The Commissioner, on the other hand, asserts his immunity from judicial interference provided by section 310 of the Education Law and urges his order is validated and supported by the decision of the Court of Appeals in Matter of Vetere v. Allen *764 (15 NY 2d 259) and in compliance with the policy of the State of New York as established by the Board of Regents. Specifically, section 310 states in part as follows: “ Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this article and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever.”
The conclusiveness of the power of the Commissioner under this statute has been diluted to the extent that the courts have held that judicial review is available if the Commissioner’s determination is “purely arbitrary”. (Matter of Bd. of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127.)
The position of respondent intervenors supports that of the Commissioner, in which they seek to dismiss the petition and vacate the stay heretofore granted in the order to show cause instituting this proceeding.
It seems to this court that the critical question to be resolved is whether the efforts of the Commissioner to correct racial imbalance possess the required educational purpose that will vest him with the necessary jurisdiction to act in the manner indicated in the order of June 13, 1968.
The conclusion is inescapable that it does. A great silent army of clear-thinking Americans seem convinced that proper equality of educational opportunity at the grade school level presents the only answer to the sociological conflict that preys constantly on the mind of every American. And the words ‘ ‘ educational opportunity ’ ’ mean a comingling of each racial and ethnic group in each community, regardless of financial background or social strata at an early age, so that the strength and weaknesses of each will become manifest. Then with enlightened instruction, each can learn the requirements for freedom. From such an experience it should follow that, at the secondary level, and thereafter, in deed and spirit, tolerance and understanding would become the order of the day to replace the headlong dash to catastrophe that absorbs such a large segment of our society today.
The court believes this to be the meaning of the opinion of the Court of Appeals in Matter of Vetere v. Allen (15 N Y 2d 259, 267) when, referring to the elimination of racial imbalance in schools, it said: “ The Commissioner’s decision in this case rests squarely on his finding of the inadequacy of such schools *765 from the viewpoint of educational soundness. Since this court had decided that the Commissioner, when a similar policy judgment was made, may substitute his judgment for that of the local board even where the action of the local hoard was not arbitrary (Matter of Board of Educ. of City of N. Y. v. Allen, 6 NY 2d 127 [1959], supra) the decision of the Commissioner in regard to racial balance is conclusive. ’ ’
Finding an educational purpose in the Commissioner’s determination, as it does, and upon the record before the court, and, in further consideration of the time, effort and study that have been devoted to the multitude of problems involved, the court cannot hold that the order herein is “purely arbitrary ”, nor is there any constitutional impairment to the action directed. Reasonable men may have an honest difference of opinion as to the efficacy of the Commissioner’s determination and the extent of the financial burden it will impose upon the district, but these conflicts as developed in this proceeding do not warrant judicial interference. The exact amount of that burden and the methods of overcoming it, are in dispute in this proceeding. Respondent Commissioner indicates a solution can be found. Indeed, with a delicate and pragmatic approach, coupled with mutual forbearance, a solution must be found.
The power of the Commissioner of Education over the actions of a local school board is considerable. Among other things, he may direct the removal of a member for failure to comply with the direction of a statute and may withhold funds from any district disobeying his orders with respect to such statutory authority (Education Law, §§ 306, 1706). A court challenge to the power of the Commissioner, in which a school board was given standing, demonstrates that these powers do exist (Board of Educ. [East Greenbush] v. Allen, 20 N Y 2d 109). The court is not persuaded otherwise, nor is it impressed with the argument by counsel for the Commissioner that the order of June 13,1968 does not require cross-bussing but leaves it at the discretion of petitioner. Such a position is an unrealistic attempt to ignore the serious financial burden that is being imposed upon the taxpayers of the Mount Vernon School District by the Commissioner, one which he fully recognized and for which he offered several means of solution which were contained within the very order now under attack.
Accordingly and for the reasons herein stated, the petition must be, and hereby is dismissed. The stay heretofore granted is vacated.