John T. Casey, J.
This is a proceeding pursuant to article 78 of the CPLR.
Petitioner, the Board of Education of Central School District No. 2 of the Town of Oyster Bay, New York (herein the Board) has instituted an article 78 proceeding to set aside a decision of the respondent, the Acting Commissioner of Education (herein Commissioner). Petitioner contends the decision was arbitrary and capricious and was predicated upon errors of law. Respondent, in lieu of interposing an answer, has moved to dismiss the petition. The intervenor-respondent in this proceeding, Cora E. Cullen, was allowed to intervene by stipulation.
The decision which petitioner seeks to set aside had its genesis in a salary dispute between Cora Cullen and the Board. Cora Cullen was employed by the Board as a nurse-teacher for 15 years and during her employment she was paid in accordance with a salary schedule which the Board had established for nurse-teachers. The amount of compensation she received under that schedule was in excess of the statutory minimum for a teacher (Education Law, § 3102) but it was substantially less than a teacher was receiving in accordance with the salary schedule which the Board had adopted for teachers. Periodically, Cora Cullen requested the Board to reconsider its position and classify nurse-teachers as teachers and pay them accordingly. On several occasions, the Board considered her request but each time it refused to change.
On July 1, 1968 Cora Cullen retired. On January 27, 1968, prior to her retirement, she appealed the decision of the Board concerning her classification and salary to the Acting Commissioner of Education. In her appeal she sought back pay for 15 years. More particularly, she demanded the difference between the amount she received as a nurse-teacher and the amount she would have received had she been paid in accordance with the salary schedule for teachers.
*969 The Commissioner held she was entitled to back pay for the last 6 years of her employment. In reaching his decision, the Commissioner made several noteworthy observations. Initially, he noted that the obligation of the Board to compensate Cora Cullen was a continuing obligation and was governed by the six-year Statute of Limitations for contract actions. Next, he observed that a nurse-teacher is an important member of the instructional team, has specific instructional functions, and possesses the educational preparation of a teacher. The Commissioner then found: ‘ ‘ Where a board of education has adopted salary schedules providing for compensation at rates in excess of those required by statute, these schedules represent mandated salary for that particular district. Since no reasonable basis exists on the record presented before me which would justify placement * * * [Cora Cullen] ® # * upon a schedule which provides for compensation at rates less than those prevailing for teachers with similar educational qualifications and experience the appeal must be sustained. ’ ’ (Emphasis added.)
Before examining the questions presented by this motion a statement as to the availability of judicial review is necessary. A decision of the Commissioner of Education is “ subject to markedly limited judicial review as compared with other administrative agencies ”. (Matter of Ocean Hill-Brownsville Governing Bd. v. Board of Educ. of the City of N. Y., 23 N Y 2d 483.) Under section 310 of the Education Law, his decisions in an appeal are final and conclusive and not subject to question in any place or court whatever. (Education Law, § 310.) Despite the blanket prohibition of that section, however, a court may review a decision by the Commissioner which is shown to be purely arbitrary (e.g., Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127; Matter of Board of Educ. of City School Dist. of Mt. Vernon v. Allen, 58 Misc 2d 762). A factual determination by the Commissioner is reviewable only if it depends upon “ such arbitrary and naked power that no reasonable man could reach the result (Matter of Cochran v. Levy, 175 Misc. 666, 668, affd. 263 App. Div. 921; accord, Matter of Board of Educ. of Cent. School Dist. No. 2 v. Allen, 14 A D 2d 429, 431-432, affd. 12 N Y 2d 980.) Furthermore, it is of no consequence that the decision may have involved statutory construction by the Commissioner. (Matter of Levitch v. Board of Educ. of City of N. Y., 243 N. Y. 373; accord, Matter of Board of Educ. of Cent. School Dist. No. 3 of Crown Point v. Nyquist, 42 Misc 2d 224, 227.) Thus, as can be seen, the petitioner shoulders a substantial burden in this proceeding.
*970 The Board argues that sections 3102 and 3103 of the Education Law vest it with the power to classify occupations and establish salary schedules. It further argues that the sole limitation upon its exercise of this power is to refrain from establishing salary differentials based upon sex. (Education Law, § 3102, subd. 3; Matter of La Penna v. Union Free School Dist. No. 9, Town of Cheektowaga, 20 A D 2d 366.) Those sections provide, inter alia, minimum salary schedules for teachers. These salary schedules, however, were not intended as actual salary schedules fitting the requirements of every locality, and each community may devise schedules to meet their special local conditions as long as salaries are not below the applicable State mínimums. (Matter of La Penna v. Union Free School Dist. No. 9, Town of Cheektowaga, supra.) Furthermore, once a school board has satisfied the statutory mínimums, it may provide for salary differentials to some teachers and not to others. The sections do not, however, vest any power in a school board to determine what parties are to be classified as “ teachers ”. They merely provide the minimum salary schedules for ‘ ‘ teachers Indeed, the Legislature has defined “ teachers ” in section 3101; such action indicates a local board should not be vested with the absolute authority to classify an employee as a “ teacher ”. In light of the above, this court concludes that . sections 3102 and 3103 of the Education Law do not vest a Board of Education with absolute power, subject to the single limitation concerning sex, to determine what employees are “ teachers ”.
The second objection raised by the Board concerns the limitations upon the review by the Commissioner of a decision by the Board. Specifically, the Board maintains its decision with respect to Cora Cullen was reviewable only upon a showing of arbitrariness. The simple answer to this objection is that the Commissioner in his detailed opinion found the decision of the Board to be unreasonable and the Board, in this proceeding, has not established that the Commissioner was arbitrary in reaching that conclusion. Accordingly, this argument is not a sufficient predicate for judicial review. (Matter of Schoening v. Board of Educ. of City of N. Y., 8 Misc 2d 957, 960, affd. 7 A D. 2d 1015.) (Note, the Board of Education in this ease is granted special powers under sections of the Education Law.)
Along the same lines, there are instances when the Commissioner may substitute his judgment for the judgment of a Board of Education even though the Board of Education has not acted arbitrarily. In Matter of Vetere v. Allen (15 N Y 2d 259) which involved the adequacy of racially imbalanced schools, the *971 Court of Appeals held that the Commissioner could substitute his judgment for the judgment of a Board of Education. In Matter of Board of Educ. of Union Free School Dist. No. 11, Town of Hempstead v. Nyquist (51 Misc 2d 902, affd. 28 A D 2d 936), the Commissioner substituted his judgment concerning a question of real property lines, and a proceeding by the affected Board pf Education to set aside his determination was dismissed.
This court is of the opinion that the present case involves a matter of educational or administrative policy in which the Commissioner should be allowed to substitute his judgment for that of the local board. A local board is better able to evaluate its particular needs ¡and financial ability and, thus, it should determine salary schedules once the statutory minimum has been satisfied. As to the classification of an employee as a “ teacher ”, however, the local board does not possess any particular expertise. Moreover, the classification of an employee as a “ teacher ’ ’ should be uniform throughout the State. The difficulties presented when local boards differ as to the classification of a particular group of employees are obvious. For example, a local board could, by excluding a person from “teacher”, deprive him of the benefits afforded “ teacher ” which that party possessed when he taught in a district which classified him as a “teacher”. For these reasons, the judgment of the Commissioner ¡as to the status of a “ nurse-teacher ” could be substituted for that of the Board, even though the decision of the Board was not arbitrary.
The Board has raised several procedural objections which, it contends, render the decision by the Commissioner arbitrary. One of the objections is laches. Laches is an equitable doctrine which is invoked to bar a claim where a party’s inexcusable delay in instituting the claim has prejudiced the defendant. (Zaccaro v. Congregation Tifereth Israel of Forest Hills, 20 N Y 2d 77.) Laches is available as a defense even though the statutory period of limitations has not run. (Natale v. Mazzuki, 198 Misc. 494, mod. 278 App. Div. 591; Wakefield v. Board of Educ. of City of N. Y., 192 Misc. 639, mod. 274 App. Div. 884, affd. 299 N. Y. 664.) In the .instant case, even assuming a delay on the part of Cora Cullen, the Board has failed to demonstrate any prejudice occasioned by the delay. Moreover, it has failed to demonstrate that it raised this defense on the appeal before the Commissioner. Accordingly, it cannot be said that the Commissioner acted arbitrarily in not granting the defense of laches to the Board. (Wakefield v. Board of Educ. of City of N. Y., supra.)
*972 Another procedural objection raised by the Board is that Cora Cullen failed to act within the four-month Statute of Limitations provided for in section 217 of the CPLB-. Suffice to say that the four-month limitation of time applies to article 78 proceedings and not to appeals to the Commissioner. (See Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 217.)
The final procedural objection concerns a practice rule of the Commissioner. Pursuant to the authority conferred upon him by section 311 of the 'Education Law, the Commissioner has established rules of practice. Section 276.5 governs appeals to the Commissioner and provides in pertinent part: “ 276.5 Time of perfecting appeal. Such original appeal and all papers etc. annexed thereto, with proof of service of copies, as required by subdivisions (b) and (c) of section 276.4, must be sent to the Education Department within 30 days after the making of the decision or the performance of the act complained of or within that time after the knowledge of the cause of complaint came to the appellant, or some satisfactory excuse must be rendered in the appeal for the delay. If an answer is received to an appeal which has not been transmitted to the department, such appeal will be dismissed.” (8 NYCRR 276.5.)
The Board claims that ;Cora Cullen did not institute her appeal within the 30-day limitation. In the instant case, Cora Cullen instituted her appeal within 30 days after her last pay period and prior to her retirement. Furthermore, the 30-day rule is a rule of practice and can, in an appropriate case, be waived by the Commissioner. (See Matter of Board of Educ. of Cent. School Dist. No. 2 v. Allen, 30 Misc 2d 673, 676-677, revd. on other grounds 14 A D 2d 429, affd. 12 N Y 2d 980.) It further appears that, although the position might well be taken that the salary dispute must be appealed within 30 days after the particular pay period which is covered by a decision of the local board has expired, the Commissioner was not arbitrary in applying the six-year Statute of Limitations. (Kramer v. Board of Educ. of City of N. Y., 194 Misc. 128, 131, affd. 275 App. Div. 915.) Consequently, the Commissioner did not act arbitrarily in refusing to dismiss the appeal on the ground that it was not timely taken. Petition is dismissed.