Harold E. Koreman, J.
This is a proceeding brought pursuant to article 78 of the CPLR to annul and set aside an order of respondent Commissioner of Education which directed petitioner to effect a reassignment of students in grades one through six in petitioner’s school district to overcome purported racial imbalance.
Following dismissal of the petition on motion of respondents for failure to allege facts sufficient to constitute a cause of action (58 Misc 2d 762), the Appellate Division, in a decision dated July 1, 1969, reinstated this proceeding. The appellate court held that on a motion in the nature of a demurrer the allegations in the petition are deemed to be true and considered in their most favorable light in support of the petition; that the petition alleges arbitrariness on the part of the Commissioner because it is financially impossible for the City of Mount Vernon to implement the Commissioner’s plan. Without resolving that question, the Appellate Division stated that “ to require the implementation of a plan which is financially impossible to obey is clearly * pure arbitrariness ’ ”. (32 AD 2d 985.)
Respondents have now filed answers, together with objections in point of law, and again seek dismissal of the petition. Petitioner contends that a hearing is required so that it can be afforded an opportunity to present evidence to establish that implementation of the Commissioner’s order is financially impossible.
Respondent Commissioner’s position is that there is no necessity for a hearing, since the costs claimed by petitioner, such as cross-bussing of children, providing hot lunches and other costs, are not required by the Commissioner’s order, nor by law, and thus would have no relevancy to the determination of this proceeding. Respondents-intervenors assert that even though such services are not required, petitioner must furnish them, but, in any event, there should be no judicial interference with • the Commissioner’s order, and petitioner is not entitled to a hearing on the question of its financial ability to carry out the order.
On the oral argument, all parties agreed that the threshold question to be determined by this court was whether or not a hearing should be held, and, consequently, the court will confine itself to this issue at this time. In my opinion a hearing is *928 necessary for a proper determination of the question of whether or not it is financially impossible for petitioner to carry out the plan ordered by the Commissioner. While th'e respondent Commissioner argued on this application that evidence concerning costs of services not specifically ordered nor required by law would be irrelevant and immaterial, the court concludes that petitioner should Ibe afforded an opportunity to present evidence concerning the services it will in fact be called upon to furnish and their cost. However, the Commissioner, in his order, pointed out quite clearly that he was aware of the fact that the steps contemplated by his order would require the expenditure of funds not budgeted by petitioner school district and noted that, in addition to other provisions for State aid available, substantial funds could be allocated to petitioner in accordance with regulations promulgated by the Commissioner to aid school districts having a heavy concentration of pupils with special educational needs associated with poverty. In addition, special financial assistance is available to school districts such as petitioner for programs designed to correct racial imbalance. It does not appear that petitioner has sought any assistance from the Commissioner or from any other source, nor is it alleged that it has. Under the present circumstances, therefore, the actual cost to petitioner for implementation of the plan could not be determined at a hearing until a determination is made of the assistance available to petitioner. It would appear, therefore, that petitioner’s request for a hearing at this time is premature.
Accordingly, the petition is dismissed, without prejudice to a renewal of this application after petitioner has determined the extent of financial assistance available to it.