Harold E. Koreman, J.
This is a motion by intervenorsrespondents for summary judgment dismissing the petition on the ground that there are no further triable issues of fact. Respondent Commissioner of Education has joined in the motion.
A brief review of the proceedings heretofore had in this matter is in order.
The Commissioner of Education issued an order under date of June 13, 1968 directing the petitioner to eliminate racial imbalance in its elementary schools and ordered the schools paired by assigning all pupils attending grades 1 to 3 to schools on one side of the city and those in grades 4 to 6 to the schools on the other side. In an article 78 proceeding seeking to set aside respondent Commissioner’s order the petition was dismissed on objections in point of law for failure to state facts entitling petitioner to the relief sought. (58 Misc 2d 762.) On appeal the Appellate Division reinstated the petition stating *380 that ‘ ‘ to require the implementation of a plan which is financially impossible to obey is clearly ‘ pure arbitrariness ’ ” (32 A D 2d 985), and respondents were directed to serve answers to the petition. Upon renewal of the motion to dismiss, this court held that petitioner was entitled to a hearing on the question of its financial ability to carry out the Commissioner’s order, and that petitioner should first make application to the Commissioner and determine the amount of financial assistance that would be made available to it for this purpose. (60 Misc 2d 926.) This court thereafter recalled this decision and by its order of March 4, 1970 directed petitioner to submit a plan to the Commissioner for implementation of his order of June 13, 1968, and to request information of the Commissioner concerning funding available. My'order further directed that petitioner submit such .a plan within 30 days after service of the order upon it, and that the Commissioner shall advise petitioner within 30 days of submission of the plan what amounts of aid are available to it, and that either party may then renotice the proceedings for a hearing on the petition. Following submission of a plan by petitioner and the response by the Commissioner as to the amount of financial aid available to petitioner the parties agreed that a trial was to be held on the issue of petitioner’s financial ability to comply with the Commissioner’s order at the Trial Term in Albany County commencing September 1, 1970. Prior to the opening of that Trial Term intervenors-respondents brought on the instant motion for summary judgment dismissing the petition, contending that, in view of the financial assistance that is available to petitioner, there can no longer be any issue or question as to its financial ability to carry out the Commissioner’s order.
As to petitioner’s objection that this motion is not made on proper papers and is supported only by an attorney’s affidavit, it is noted that all the papers heretofore filed in this matter, including the pleadings, are before the court. Since the motion is based principally on proceedings already had and documentary evidence pertaining thereto, the court finds that the papers are sufficient under CPLK. 3212 (subd. [b]). (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.05.) Petitioner contends further that it should be permitted to present expert testimony to show that it will be required to furnish certain services set forth in Part I of the plan submitted to the Commissioner to prevent the correction of racial imbalance from having a deleterious effect on petitioner’s school system. Petitioner’s position is, in effect, that' the expenditures it will be required to make to correct racial imbalance and at the same time maintain a *381 proper level of education, will demonstrate that it will be financially impossible to implement the Commissioner’s order. As the Appellate Division pointed out, it was considering ,a motion to dismiss made pursuant to CPLR 7804 (subd. [f])and the facts alleged in the petition were deemed to be true and considered in their most favorable light in support of the petition. The appellate court also stated that any attack on the alleged cost figures advanced by petitioner could not be resolved on that motion, and in the posture of that motion the figures submitted by petitioner were deemed uncontrovertible. However, the Appellate Division also restated the well-established rule that the Commissioner’s decisions are final absent a showing of pure arbitrariness, and pointed out that its review was limited to that rule under section 310 of the Education Law and under the authority of Matter of Vetere v. Allen (15 N Y 2d 259). The question to be determined here is whether evidence sought to be adduced by petitioner relating to the services it claims it would be required to furnish to achieve soundness of education in its school system in correcting racial imbalance would be relevant and material to the issue of petitioner’s alleged financial inability to comply with the Commissioner’s order. Correlatively, may petitioner make an independent determination of the considerations and assumptions necessary to correct racial imbalance and to achieve educational soundness? The answer must be in the negative. To hold otherwise would result in a delegation by the courts to every local school board the responsibility and authority vested by statute in the Board of Regents and the Commissioner of Education. (Education Law, §■§ 207, 301, 305.) Conceivably, a Board of Education could, if permitted to decide what services are required and what expenditures are to be made to implement the Commissioner’s order aimed at correcting racial imbalance, submit plans for implementation far beyond the requirements of the order, and which would make it financially impossible for it, or, in fact, for any board to effect compliance. This court is of the opinion that the Appellate Division did not contemplate such a result. The Commissioner’s order was made by way of implementing the declared policy adopted by the Board of Regents that racially imbalanced schools are educationally inadequate, and is based on his finding of inadequacy of petitioner’s elementary schools from the viewpoint of educational soundness. 1‘ Disagreement with the sociological, psychological and educational assumptions relied on by the Commissioner cannot be evaluated by this court. Such arguments can only be heard in the Legislature which has endowed the Commissioner with an all but absolute power, or by the Board of Regents, who *382 are elected by the Legislature and make public policy in the field of education.” (Matter of Vetere v. Allen, 15 N Y 2d 259, 267, supra.) In my opinion, therefore, any evidence that petitioner would offer on a trial relating to its assumptions as to the services it will be required to furnish, and the costs thereof, to correct racial imbalance and maintain educational soundness would have no relevancy to the issue of whether the Commissioner’s order was ‘ ‘ purely arbitrary ’ ’, and such evidence would not be admissible for that purpose.
In view of the educational purpose in the Commissioner’s determination, and upon the entire record now before the court, it cannot be said that his order herein is “ purely arbitrary ”, and it is, therefore, final and conclusive. (Education Law, § 310; Matter of Vetere v. Allen, supra.)
Accordingly, the motion for summary judgment is granted, and the petition dismissed. The papers on this motion are returned to the respective parties. Either respondent may submit an order in accordance with the decision herein.