A. Franklin Mahoney, J.
In this article 78 proceeding the petitioner seeks an order annulling a determination of the Education Commissioner removing petitioner as a member of the School Board of Union Free School District No. 26, Island Trees, Town of Hempstead, New York and, conversely, restoring him to that position.
Formerly, the petitioner concurrently held both the position of member of a Board of Education of a school district and the office of member of a board of trustees of a public library established and supported by the school district. A taxpayers ’ proceeding was initiated before the Commissioner for a determination, pursuant to section 310 of the Education Law, as to the compatibility of the two positions being simultaneously occupied by one individual. The Commissioner found a conflict of *809 interest existed and ordered the petitioner to resign forthwith from one of the two offices. When the Commissioner’s directive was not obeyed he issued an order demanding that petitioner show cause why he should not be removed from one of his offices pursuant to section 306 of the Education Law. After a hearing the respondent Commissioner issued an order removing the petitioner from the office of member of the Board of Education of the Union Free School District.
The petitioner argues that section 306 of the Education Law is the sole statutory source of authority for removal and the authorization contained therein is limited to “ (a) a member of an organization listed as subversive * * * (b) one guilty of any wilful violation or neglect of duty and (c) * * * one guilty of wilfully disobeying any decision, order, rule or regulation of the regents or of the Commissioner”. None of these particularized reasons for removal are chargeable against him, the petitioner argues, and, therefore, the Commissioner’s order was purely arbitrary and without legal effect.
It must be accepted that if the subject matter of the within dispute is reviewable by the Commissioner, any decision, after hearing, is beyond legal review and must be considered to be final (Board of Educ. v. Allen, 6 N Y 2d 127,138 ; Matter of Board of Educ. v. Allen, 14 A D 2d 429, affd. without opn. 12 N Y 2d 980). Each of these cases unequivocally states that decisions of the Education Commissioner are final and conclusive unless ‘ ‘ purely arbitrary ’ ’. Further, any decision of the Commissioner of Education is subject to markedly limited judicial review as compared with other administrative agencies (Board of Educ. v. Nyquist, 60 Misc 2d 967). Next, it cannot be successfully argued that the Commissioner was without authority to entertain a citizen’s appeal to inquire into the status of the petitioner. Section 310 of the Education Law states, ‘ ‘ Any person conceiving himself aggrieved may appeal or petition the commissioner of education who is hereby authorized and required to examine and decide the same ”. Section 309 of the Education Law subjects every union free school district to the general supervision of the Commissioner and, indeed, he is charged with the management and conduct of the affairs of such schools. Subdivision 4 of section 311 of the Education Law grants to the Commissioner the power to make an order proper or necessary to give effect to his decision.
Since the right of the Commissioner to inquire and to issue an order to effect any decision he may reach is unchallengeable, we need only look to the substance of the inquiry to determine if the Commissioner acted in a purely arbitrary manner. The *810 petitioner held two elected offices both of which were under the supervision of the Commissioner of Education. He was, at the same time, a trustee of the Island Trees Library Board and the Island Trees Board of Education. Since, pursuant to section 256 of the Education Law, a Board of Education has the authority to contract with the trustees of a library for library services, the Commissioner held the petitioner would be cast in the position of having to simultaneously represent the interests of contending and competing parties. Further, it was the Commissioner’s position that it is legally inconsistent for one man to participate in negotiations as the representative of opposite parties and then to execute any resultant contract on behalf of both parties. I agree. While the decisional law is sparse concerning conflict or incompatibility between offices of the kind we are concerned with herein, there are adequate and sufficient case law and opinions of the Education Commissioner relative to school boards and library boards to illustrate such conflict and the requisite divided loyalty and necessary subordination of one office to the other that occurs when one man serves on both boards (Smith v. Dillon, 267 App. Div. 39 ; Matter of Board of Trustees of Southampton Public Library v. Board of Educ., Decision No. 7620, April 13, 1966).
However, given the correctness of the Commissioner’s holding that there does exist incompatibility and conflict between the two subject offices, there is a further consideration that, in my. view, is determinative of the issue before the court and, strangely, neither party to this proceding has mentioned. Which office, in point of time, was the petitioner last elected to and took the oath of office to uphold! It is a well settled principle of the common law that a public officer cannot hold two incompatible offices at the same time (Smith v. Dillon, supra). The rule is founded upon the plainest principles of public policy. It is embedded in the common law and has obtained from very early times (47 N. Y. Jur., § 54, p. 613). The Court of Appeals in 1874 in People ex rel. Ryan v. Green (58 N. Y. 295) said, the incompatibility between two offices, which upon the acceptance of the one by the incumbent of the other operates to vacate the latter, is not simply a physical impossibility to discharge the duties of both offices at the same time, but it is an inconsistency in the functions of the two offices, as where one is subordinate to the other or where a contrariety and antagonism would result in the attempt by one person to faithfully and impartially discharge the duties of both. The rule that the acceptance of an incompatible office vacates the one already held is applicable notwithstanding that the second office may be inferior to the *811 first, or that the officer, before accepting the second office, may •have publicly declared his intention to contrive to perform the duties of the first office (47 N. Y. Jur., § 57, p. 617).
Consequently, in the case at bar, given the incompatibility of the two offices, the petitioner, if he accepted the second office, could not have been the incumbent of both offices at the time of the issuance of the Commissioner’s orders. He was, by operation of law, either a member of the school board or a member of the library board. He could not have been both. The Commissioner’s order is, therefore, a nullity if petitioner was elected to the library board and accepted the office while, he was an incumbent on the school board. If the reverse is true no incompatibility could exist since petitioner was only a member of the school board.
In my view, it is unnecessary under the unique facts of this case to consider the timeliness of petitioner’s article 78 proceeding or the procedural aspect of whether he caused process to be served upon all the necessary parties. More importantly, since another individual has been appointed to replace the petitioner on the school board of Union Free School District No. 26 of the Town of Hempstead, Nassau County, a determination by court order should be made as to which office the petitioner is legally entitled to hold. For this purpose the court applies the provisions of CPLR 103 and, treats the matter as an action for a declaratory judgment. '
Accordingly, the order of the Commissioner of Education removing the petitioner from the office of member of the school board is declared to be null and void. However, the court retains jurisdiction of the matter for the purpose of receiving additional proof by affidavit as to which of the two offices petitioner was elected to and accepted last. If such additional proof is uncontested the court will sign an order settling the matter.
The matter is remanded.