■ LESLIE W. ROWLAND, Respondent, v. RUDOLPH KAMMERER et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel appellants to pay petitioner, a laborer in the employ of the Suffolk County Department of Public Works, a "night differential", the appeal is from a judgment of the Supreme Court, Suffolk County, entered December 14, 1970, which, after a hearing, awarded petitioner such relief for the period from September 18, 1961 through August 2, 1970, in specified amounts, and directed continuance thereafter of such differential payments to petitioner. Judgment modified, on the law, by deleting therefrom the award of night differential pay for the period prior to January 1, 1969 and by adding a provision, thereto that, as to that period, the proceeding is severed and remanded to the Special Term for a new hearing as to what amounts, if any, are due petitioner for that period. And so modified, judgment affirmed, without costs. The questions of fact as to the period prior to January 1, 1969 have not been considered on this appeal. Petitioner seeks to recover money allegedly due him by reason of his night work during a nine-year period. Appellants concede they are liable to him for the period subsequent to January 1, 1969, when he became covered by a contract between appellants and the Civil Service Employees Association. However, they deny any obligation for the period preceding that contract period and allege that, by virtue of a separate agreement made with petitioner, he was not to receive a night differential. The issues raised may not be disposed of summarily. The record before us does not indicate whether appellants' alleged obligation to pay a night differential was the result of contractual agreement, regulation, local law or (as referred to by Special Term) custom. In the absence of proof as to the nature of appellants' alleged obligation with regard to night differential payments, we are unable to determine whether that obligation could be overcome by separate agreement. We note that *Matter of Board of Educ. of Cent. School Dist. No. 2 v. Nyquist* (60 Misc 2d 967), relied upon by petitioner, was reversed (36 A D 2d 199). Munder, Shapiro and Benjamin, JJ., concur: Hopkins, Acting P. J., and Brennan, JJ., dissent and vote to affirm, with the following memorandum: Appellants do not deny that a night differential pay was established by the appellant Board of Supervisors; nor do they raise any issue concerning the Statute of Limitations or laches. The sole defense raised by them is that petitioner had agreed to work at night without the additional compensation due him, upon being advised by his superiors that he would otherwise be transferred to day employment. In our opinion, any waiver of compensation as pleaded by appellants is against public policy. The Board of Supervisors must fix the compensation of all employees "Subject to the constitution and the civil service law" (County Law, § 205). It is the policy of the State that governmental employees shall be paid equal pay for equal work (Civil Service Law, § 115); and no public officer can compel a waiver of the rights of an employee under the Civil Service Law (§ 96). These provisions reflect the common-law rule that compensation payable for public service cannot be waived (*Quayle v. City of New York*, 278 N. Y. 19, 22–23). Only when there is a statute which specifically provides for a waiver by a public employee — and then under conditions which must be specifically met — can a public employee give up his right to compensation earned (*Nelson v. Board of Higher Educ. of City of N. Y.*, 263, App. Div. 144, affd. 288 N. Y. 649). No fiscal emergency or other extraordinary circumstances or statute are pleaded by appellants to excuse their noncompliance with the budgetary schedule of compensation

(cf. *Matter of McCarthy* v. *McGoldrick*, 266 N. Y. 199). There are good reasons for the enforcement of public policy to prevent the making of agreements between public employer and employee which change the rate of compensation determined by the budgetary schedule. First, private understandings would be thus encouraged, so that the intent of the provisions of the Civil Service Law would be lost. Second, recognition of such agreements would always subject the employee to pressure from his superior to acquiesce for fear of retaliatory action of the latter. Third, the making of oral agreements with individual employees is inconsistent with the purpose of the Taylor Act (Civil Service Law, art. 14). Fourth, the practice of allowing such agreements leads to discrimination between employees and unrest among them. Accordingly, we would affirm the order, since by stipulation the parties have agreed as to the amount due to petitioner in each year of employment.